**FOLEY & LARDNER LLP**
Stephen R. Smerek (CA Bar No. 208343)
  ssmerek@foley.com
Nicholas J. Fox (CA Bar No. 279577)
  nfox@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone:  213.972.4500
Facsimile:  213.486.0065

*Attorneys for Defendant Lifetech Resources LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY YANG and GABRIELA SOLANO, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>LIFETECH RESOURCES LLC,<br><br>  Defendant. | Case No.: 4:19-CV-05811-HSG<br><br>**CLASS ACTION**<br><br>**Defendant Lifetech Resources LLC's Administrative Motion for Leave To Exceed Page Limit for Motion To Compel Arbitration, Dismiss the First Amended Complaint, and/or Strike Class Allegations**<br><br>**[Pursuant to Civ. L.R. 7-11]**<br><br>**[Declaration of Stephen R. Smerek filed concurrently with Motion]**<br><br>Dept.:   Courtroom 2 (Oakland Division)<br>Judge:  Hon. Haywood S. Gilliam, Jr.<br><br>FAC Filed:         January 6, 2020<br>Complaint Filed:  September 17, 2019<br>Trial Date:        TBD |

**NOTICE OF MOTION AND MOTIONFOR LEAVE TO EXCEED PAGE LIMIT FOR DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS THE FIRST AMENDED COMPLAINT, AND/OR STRIKE CLASS ALLEGATIONS**

Pursuant to Civil Local Rule 7-11, Defendant Lifetech Resources LLC ("Lifetech") hereby submits this Motion for Administrative Relief ("Administrative Motion"), and moves this Court for leave to exceed the limitation of 25 pages for briefs and memoranda set forth in Civil Local Rules 7-2(b) and 7-4(b) regarding Lifetech's Motion To Compel Arbitration, Dismiss the First Amended Complaint, and/or Strike Class Allegations ("Motion to Dismiss").

Lifetech requests up to an additional five (5) pages for the Memorandum in support of its Motion to Dismiss, which will not exceed thirty (30) pages in total if the Court grants this Administrative Motion.

The Administrative Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Stephen R. Smerek, and the Proposed Order, as well as the Court's file in this action, including any other written or oral evidence, or argument of counsel, that may be presented prior to the Court's ruling on the Administrative Motion.

Dated: January 17, 2020

**FOLEY & LARDNER LLP**
Stephen R. Smerek
Nicholas J. Fox
Daniella M. Gutierrez

*/s/ Stephen R. Smerek*
Stephen R. Smerek
Attorneys for Defendant Lifetech Resources LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Relief Requested in Administrative Motion

Lifetech requests up to an additional five (5) pages for the Memorandum in support of its Motion to Dismiss, which will not exceed thirty (30) pages in total if the Court grants this Administrative Motion.

## II. Timing of Relief Sought

Lifetech's Motion to Dismiss is currently due on Monday, January 20, 2020. (D.I. 23.) Although the deadline to file is also a Court holiday (*see* Fed. R. Civ. P. 6(a)(6)), Lifetech still intends to file pursuant to the briefing schedule agreed to by the Parties and ordered by the Court.

## III. Relevant Facts

In response to Plaintiff Kimberly Yang's Complaint, Lifetech filed a motion to compel arbitration, dismiss the Complaint, and/or strike class allegations. (D.I. 17.)[1] Prior to Lifetech's filing of that motion, Plaintiff Yang indicated that she would file her opposition to the motion based on a briefing schedule agreed to by the Parties and entered by the Court. (D.I. 16 at 5:20-21.) Plaintiff also indicated that she did not anticipate any amendments to the Complaint, subject to the Court's ruling on Lifetech's motion. (*Id.* at 6:2-3.)

Instead of opposing Lifetech's motion, Plaintiff Yang elected to file a First Amended Complaint ("FAC") pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (D.I. 20.) The FAC does not include any new allegations against Lifetech, but adds a new named plaintiff, Gabriela Solano, in a transparent effort to avoid arbitration. (*See id.*)

In response to the Court's Order to Show Cause (D.I. 21), Lifetech noted that the Complaint—to which Lifetech's prior motion was directed—was no longer the operative pleading in light of the FAC. (D.I. 22 at 2:6.) Lifetech also informed the Court that it intended to file a renewed Motion to Dismiss, and that the Parties had agreed on a briefing schedule such that the Parties and the Court could keep the original hearing date of March

---

[1] Citations to specific portions of the Docket are to the ECF pagination.

12, 2020. (*Id.* at 2:11-14.) The Court subsequently entered an Order finding Lifetech's prior motion was moot, and approving the Parties' proposed briefing schedule on Lifetech's Motion to Dismiss. (D.I. 23)

### IV. Lifetech's Attempt To Obtain Stipulation

On January 15, 2020, Lifetech's counsel inquired whether Plaintiffs would stipulate to increase the page limit for Lifetech's Motion to Dismiss by up to 5 pages (from 25 to 30 pages), with a reciprocal increase for Plaintiffs' opposition. (*See* Declaration of Stephen R. Smerek ["Smerek Decl."] at ¶ 4.) Plaintiffs' counsel rejected this proposal, necessitating the filing of this Administrative Motion. (*Id.*) *See also* Civ. L.R. 7-11 and 7-12.

### V. Legal Authority

Civil Local Rule 7-11 authorizes a party to move "to exceed otherwise applicable page limitations . . . ." Civ. L.R. 7-11.

### VI. Discussion of Relief Requested

Lifetech's request for up to five additional pages is warranted here to address the impact of the new named plaintiff on Lifetech's motion to compel arbitration. Lifetech's original memorandum in support of its Motion to Compel Arbitration, Dismiss the Complaint, or Strike the Class Allegations—which essentially encompassed three different motions—met the page limit of 25 pages. (D.I. 17) Because the FAC does not include any change to the substantive allegations, the main substance of the new motion is likewise materially identical to the original motion.

However, the newly added plaintiff, Gabriela Solano, did not make her purchase online at Nordstrom.com (unlike Plaintiff Yang, who made her purchase online over two years ago). Thus, Lifetech reasonably needs a few additional pages to address the impact that the addition of Plaintiffs Solano has on Lifetech's Motion to Compel arbitration. Therefore, Lifetech requests up to five additional pages for the Memorandum in support of its Motion To Compel Arbitration, Dismiss the First Amended Complaint, and/or Strike Class Allegations.

///

### VII. Conclusion

For the reasons set forth above, Defendant Lifetech Resources LLC respectfully requests that this Court grant Lifetech leave to file a Memorandum in support of its Motion to Dismiss not to exceed thirty (30) pages in length.

Dated: January 17, 2020

**FOLEY & LARDNER LLP**
Stephen R. Smerek
Nicholas J. Fox

*/s/  Stephen R. Smerek*
Stephen R. Smerek
Attorneys for Defendant Lifetech Resources LLC